IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES BRANDON MARTIN     *

Petitioner     *

v     *     Civil Action No. JRR-20-2602

JEFFREY NINES and     *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND     *

Respondents     *

      ***

## MEMORANDUM OPINION

Before the Court is Petitioner Charles Brandon Martin's Memorandum for Consideration of Relief Under 28 U.S.C. §2254(d)(2) on Remand. (ECF No. 73.) The motion is opposed. (ECF No. 74). Martin filed a Reply. (ECF No. 76). For the following reasons, the motion is DENIED.

On December 14, 2023, the Court granted federal habeas relief on Ground One of Martin's petition. (ECF No. 37, 48). Particularly, the Court granted habeas relief because it concluded that the Appellate Court of Maryland's decision was an unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963):

> The state's only evidence to meet its burden of proof as to the essential elements was Carter's testimony, which was dramatically discredited and undermined by the suppressed document. Further, the suppressed document provided the only basis for impeachment of Carter's testimony. Reasonable jurists would not disagree, therefore, that the suppressed computer forensic report was material. Martin is entitled to habeas relief on Ground One.

(ECF No. 37 at 28).  The Respondent appealed that decision to the Fourth Circuit Court of Appeals (ECF No. 41), which affirmed the Court's grant of habeas relief on January 16, 2025. (ECF No. 61).

Respondent sought a petition for a writ of certiorari with the United States Supreme Court, which was granted on January 26, 2026. *Klein v. Martin*, 146 S. Ct. 589 (2026). The Supreme Court "reverse[d] the judgment of the Fourth Circuit, and remand[ed] the case for further proceedings consistent with this opinion." *Id.* at 599. In sum, the Supreme Court concluded that the Fourth Circuit decision affirming habeas relief because the Appellate Court of Maryland unreasonably applied *Brady v. Maryland* was not "consistent with the deference that AEDPA requires." *Id.* at 598.

On February 27, 2026, the Fourth Circuit denied Martin's request for additional briefing and remanded the case to this Court for further proceedings consistent with the Supreme Court's opinion. (ECF No. 71, 72). The mandate was issued on March 23, 2026. (ECF No. 75).

Now, Martin asks this Court to disturb the Supreme Court's finding, arguing, "[b]ecause this Court previously granted relief under §2254(d)(2), and because the Supreme Court did not disturb that independent ground, the issue remains properly before this Court on remand. (ECF 73 at 3).

Respondent opposes the relief that Martin requests, arguing that "(a) Mr. Martin abandoned and waived any argument that he is entitled to relief under § 2254(d)(2) by failing to press that alternative ground for relief on appeal; (b) the Supreme Court's decision conclusively resolves the factual disputes that Mr. Martin raises; and (c) Mr. Martin's complaints regarding the Supreme Court's assessment of the facts are meritless." (ECF No. 74 at 22-23).

To begin, the Court disagrees with Martin's argument that the Court granted habeas relief under §2254(d)(2).

28 U.S.C. §2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254. Noted above, this Court granted habeas relief under 28 U.S.C. §2254(d)(1) based on its conclusion that the Appellate Court of Maryland's decision was an unreasonable application of the materiality prong of *Brady v. Maryland*. In the context of that decision, the Court determined that a single conclusion of fact by the Appellate Court of Maryland, by clear and convincing evidence, pursuant to 28 U.S.C. §2254(e)(1), was incorrect:

> As an initial matter, the Court notes that the Appellate Court of Maryland's recitation of Michael Bradley's testimony, by clear and convincing evidence, is inconsistent with his trial testimony: He saw [Martin] and his brother, Frank Bradley, going back and forth between Ms. McFadden's room and the kitchen with white medical tape and a Gatorade bottle. ECF No. 5-1 at 634.

(ECF No. 37 at 24).

On appeal, the Fourth Circuit affirmed the Court's decision solely under the standard set forth under 28 U.S.C. §2254(d)(1): "On review, we agree with the district court's determination that the state appellate court unreasonably applied clearly established Supreme Court precedent." *Martin v. Nines*, No. 24-6086, 2025 WL 215521, at *1 (4th Cir. Jan. 16, 2025), *cert. granted, opinion rev'd sub nom. Klein v. Martin*, 146 S. Ct. 589 (2026).

The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *S. Atl. Ltd. P'ship of Tennessee, LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004). The mandate rule does not simply preclude a district court from doing what an appellate court has expressly forbidden it from doing. Rather, under the mandate rule, a district court cannot

3

reconsider issues the parties failed to raise on appeal; the court must attempt to implement the spirit of the mandate; and the court may not disturb or alter rulings impliedly made by the appellate court. *Id.* "Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citing *Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 168 (1939)). Under the mandate rule, a lower court generally may not consider questions the mandate has laid to rest. *Sprague*, 307 U.S. at 168.

Martin does not explain how his request is faithful to the Supreme Court's mandate. He fails to explain how the content of the Supreme Court's opinion supports a conclusion that habeas relief is available to him when applied to the standard of §2254(d)(2) or how the Supreme Court's opinion did not cover that analysis. Indeed, the facts laid out in the Supreme Court's opinion apply the same to an "unreasonable application" of *Brady v. Maryland* under §2254(d)(1) and "an unreasonable determination of the facts in light of the evidence presented" under §2254(d)(2). Martin's request is foreclosed by the mandate rule.

A close look at Martin's motion reveals that he is not truly asking the Court to rule on a theory outside of the Supreme Court's mandate. Instead, Martin asks the Court to overrule the Supreme Court's factual findings:

> Contrary to the factual findings of the Supreme Court regarding the state court record, there are simply no facts to support that Michael Bradley connected Mr. Martin to the construction of a silencer. (ECF No. 73 at 4).
>
> ***
>
> The Supreme Court conclusion at pg. 10 of their January 26, 2026 Decision agreeing with the state court that Mr. Martin "had a strong motive" to aid in the attempted murder of Ms. Torok to hide the affair and the pregnancy from his wife is also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. (*Id.* at 5).

\*\*\*

The Supreme Court's curious conclusion that "Martin owned the kind of gun that seemed to have been used to shoot Torok" (Decision at pg. 11) is also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding given the ballistics report finding that the gun Mr. Martin had purchased years before could have been manufactured by one of more than 16 gun manufacturers that produced "[f]irearms which may produce similar rifling impressions." (*Id.* at 5-6).

\*\*\*

The Supreme Court Decision Ignores [t]he Devastating Jury Instruction Regarding Concealment of Evidence. (*Id.* at 6).

The accuracy of the Supreme Court's opinion is not for this Court to determine. Only the Supreme Court may overrule its own decision.

The mandate rule prohibits the Court from relitigating the merits of Ground One of Martin's habeas petition, which was conclusively resolved by the Supreme Court. Martin's Memorandum for Consideration of Relief Under 28 U.S.C. §2254(d)(2) on Remand is denied.

A separate order will follow.

/S/

_____

Julie R. Rubin
United States District Judge